Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
 ) No. 08-05-00261-CV
IN THE MATTER OF                                        )
)Appeal from
R.G., A CHILD.                                                  ) 
) 305th District Court
)
) of Dallas County, Texas
)
) (TC# JD-61337-X)

MEMORANDUM OPINION

            R.G., a child, attempts to appeal from an adjudication and/or disposition order entered on
March 2, 2005. Finding that Appellant has not timely filed the notice of appeal, we dismiss the
appeal.
            In juvenile cases, an appeal may be taken from an adjudication order, disposition order, or
modification order. See Tex.Fam.Code Ann. § 56.01(c)(Vernon 2002). An appeal from an order
of a juvenile court is to a court of appeals, and the requirements governing an appeal are as in civil
cases generally. Tex.Fam.Code Ann. § 56.01(a), (b). In civil cases, the notice of appeal must be
filed within thirty days after the judgment is signed unless a party timely files a motion for new trial,
motion to modify the judgment, a motion to reinstate under Rule 165a, or a request for findings of
fact and conclusions of law. Tex.R.App.P. 26.1. In that case, the notice of appeal is due to be filed
within ninety days after the judgment is signed. Id. While the Family Code excepts adjudication
orders from Rule 26.1’s requirement that the notice of appeal be filed within thirty days, the same
exception does not apply to disposition orders. See Tex.Fam.Code Ann. § 56.01(b). Further, a
motion for new trial seeking to vacate an adjudication must be filed no later than the thirtieth day
after the disposition order is entered. See Tex.Fam.Code Ann. § 56.01(b). It follows that a notice
of appeal from an adjudication order must also be filed within this time frame.
            According to the notice of appeal, the trial court entered the order sought to be appealed on
February 22, 2005. On July 25, 2005, the Court advised R.G. that the notice of appeal had not been
timely filed and the appeal was subject to dismissal unless R.G. could show grounds for continuing
the appeal. R.G. has not responded to the Court’s inquiry. The appeal is dismissed for want of
jurisdiction.


August 31, 2005                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.